**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
CHIEF MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

April 8, 2026

LETTER TO COUNSEL:

  RE: *Hugh M. v. Frank Bisignano, Commissioner of Social Security*[1]
     Civil No. TJS-25-1270

Dear Counsel:

  On April 21, 2025, Plaintiff Hugh M. petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI"). ECF No. 1. Hugh M. has filed a brief, and the parties also have filed cross-motions to remand. ECF Nos. 10, 15 & 16. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties (ECF Nos. 10, 15, 16 & 17), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Commissioner's motion to remand the case for further proceedings and deny Hugh M.'s cross-motion to remand for payment of benefits. This letter explains my rationale.

  Hugh M. filed his application for SSI on August 19, 2016. Tr. 10. He alleged a disability onset date of January 1, 2011. *Id.* His application was denied initially. Tr. 83-88. He requested a hearing and thereafter appeared before an Administrative Law Judge ("ALJ") in New York, New York, on August 27, 2019. Tr. 10, 45-73, 89-91. In a written decision dated November 4, 2019, the ALJ found that Hugh M. was not disabled under the Social Security Act. Tr. 7-39. When the Appeals Council denied his request for review, Hugh M. appealed to the U.S. District Court for the Eastern District of New York, which remanded the case to the agency for further proceedings on the parties' stipulation. Tr. 1-6, 924-27, 934-39. On remand, another hearing was conducted before an ALJ on April 11, 2023, and the ALJ again concluded on August 3, 2023, that Hugh M. was not disabled. Tr. 846-914. Hugh M. appealed a second time to this Court, and with the consent of the agency, the Court remanded the case for further proceedings on April 15, 2024. Tr. 1658-68. When the case was heard for the third time before an ALJ on November 26, 2024, in Washington, D.C. (Tr. 1601-20), the ALJ again concluded that Hugh M. was not disabled (Tr.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. He is therefore substituted as the defendant in this matter. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] This case was originally assigned to Judge Douglas R. Miller. On March 30, 2026, it was reassigned to me.

1572-1600). Hugh M. now appeals from the ALJ's decision dated February 10, 2025. Tr. 1554-55, 1572-1600.

The ALJ evaluated Hugh M.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Hugh M. had not engaged in substantial gainful activity since August 19, 2016. Tr. 1578. At step two, the ALJ found that Hugh M. suffers from the following severe impairments: lumbar spine degenerative disc disease; a mental impairment variously diagnosed as opioid dependence, major depressive disorder, post-traumatic stress disorder, depression, attention deficit disorder with hyperactivity, depressive disorder not otherwise specified, attention deficit hyperactivity disorder, anxiety, and neurocognitive disorder; epilepsy; left shoulder osteoarthritis; and alcoholic neuropathy. *Id.* At step three, the ALJ found that Hugh M.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 1578-81. The ALJ determined that Hugh M. retains the residual functional capacity ("RFC")

> to perform medium work as defined in 20 CFR 416.967(c) except from the alleged onset date, January 1, 2011, through the protected filing date, August 19, 2016, and continuing through the present, the claimant has the residual functional capacity to occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, stand and/or walk for a total of about 6 hours in an 8-hour workday, sit for a total of about 6 hours in an 8-hour workday, and occasionally climb ramps, stairs, ladders, ropes, and scaffolds, balance, stoop, kneel, crouch and crawl. He is limited to performing simple 1 to 4 step routine repetitive tasks in a low stress work environment defined as requiring only occasional decision making and occasional changes in the work setting, where there would only be occasional contact with co-workers and supervisors, and no contact with the general public, and which would not require a fast pace or production quotas such as would customarily be found on an assembly line.

Tr. 1581.

At step four, the ALJ determined that Hugh M. had no past relevant work. Tr. 1590. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Hugh M. can perform, including lab equipment cleaner, cleaner II, machine packager, and housekeeping cleaner. Tr. 1590-92. Accordingly, the ALJ found that Hugh M. was not disabled under the Social Security Act. Tr. 1592.

Hugh M. argues that substantial evidence does not support the ALJ's decision (1) because the ALJ failed to evaluate properly the opinion evidence; and (2) because the VE's testimony did not comply with SSR 24-3p, 2024 WL 5256890 (Dec. 6, 2024), and thus the ALJ failed to carry his burden to show that Hugh M. was able to perform a significant number of jobs in the economy. ECF No. 10.

The Commissioner has moved for the entry of an order remanding this case under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, but he does not otherwise address Hugh M.'s assignments of error. ECF No. 15. In response, Hugh M. argues that this case should be remanded instead for payment of benefits because substantial evidence in the record clearly establishes his disability and remanding for a rehearing would only delay justice. ECF No. 16 at 1-2 (citing *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 369 (4th Cir. 2023)). The Commissioner in turn argues that the record does not clearly demonstrate Hugh M.'s disability and that district courts may reverse a case for payment of benefits only in rare circumstances. ECF No. 17 at 1-3 (citing, *inter alia*, *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)).

Remand under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings is appropriate in this case. The Court has "the authority to affirm, modify, or reverse the Commissioner's final decision 'with or without remanding the cause for a rehearing.'" *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 111 (4th Cir. 2020) (quoting 42 U.S.C. § 405(g)). Courts "have awarded disability benefits without remand where the record clearly establishes the claimant's entitlement to benefits and another ALJ hearing on remand would serve no useful purpose." *Id.* (collecting cases). The Court, however, may "reverse and direct the award of benefits *only* in the unusual case in which it can be determined, even in the absence of an explanation, that there is no account on which substantial evidence could support a denial of benefits." *Carr v. Kijakazi*, No. 20-2226, 2022 WL 301540, at *3 (4th Cir. Feb. 1, 2022) (emphasis added). If the Court "has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford*, 734 F.3d at 295 (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). And absent "a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Carr*, 2022 WL 301540, at *5 (quoting *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996)).

As Hugh M. points out, SSR 24-3p became effective on January 6, 2025, and applies to issued decisions beginning on that date. ECF No. 10 at 25 n.3; *see* SSR 24-3p, 2024 WL 5256890, at *2 & n.1. SSR 24-3p rescinded SSR 00-4p and no longer requires ALJs to identify and resolve conflicts between occupational information provided by VEs and information in the *Dictionary of Occupational Titles* (the "DOT"). SSR 24-3p, 2024 WL 5256890, at *2. Rather, VEs are expected "to identify the sources of the data they use and, where applicable, to explain their general approach to estimating job numbers." *Id.* at *4. If the VE "uses a data source that defines exertion, education, or skill levels differently than [the] regulations," the VE is expected "to explain the difference." *Id.* Last, ALJs "are responsible for evaluating the . . . VE evidence within the context of the overall evidence in the claim." *Id.* at *6. If the VE does not provide the expected information and explanation outlined in SSR 24-3p, the ALJ "will usually need to develop the record with sufficient evidence to make a supported finding at step four or step five of the sequential evaluation process." *Id.*

Here, the ALJ found that Hugh M.'s ability to perform all or substantially all of the requirements of medium work was impeded by additional limitations. Tr. 1591. At the hearing on November 26, 2024, "[t]o determine the extent to which these limitations erode the unskilled medium occupational base, the [ALJ] asked the [VE] whether jobs exist in the national economy for an individual with" Hugh M.'s age, education, work experience, and RFC. *Id.*; *see* Tr. 1607.

3

The VE testified that that the individual would be able to perform the requirements of representative occupations such as lab equipment cleaner, cleaner II, machine packager, and housekeeping cleaner. Tr. 1591, 1611-12. "When asked if the testimony given was consistent with the DOT," the VE "testified that it was except as to testimony related to off task behavior and absenteeism, and regarding climbing, and regarding interaction with people or production rate pace, and the testimony given for these was based on his professional experience and education." Tr. 1591; *see* Tr. 1613-15. The ALJ determined that the VE's testimony was persuasive and consistent with the information contained in the DOT. Tr. 1591. The ALJ also found that these jobs exist in significant numbers in the national economy. *Id.* The ALJ ultimately accepted the VE's testimony "in accordance with SSR 24-3p." *Id.*

Hugh M. contends that the VE's testimony regarding job estimates did not comply with SSR 24-3p. According to Hugh M., the VE never testified regarding the data that he relied on to estimate the number of jobs available in the national economy. ECF No. 10 at 25. Rather, the VE testified "that he used Job Browser Pro to determine if the ALJ's additional limitations allowed for a significant number of jobs." *Id.*; *see* Tr. 1607, 1609. Hugh M. maintains that "the ALJ never asked the [VE] how he got the specific job estimates for the jobs that the ALJ cited." ECF No. 10 at 25. "Instead, the ALJ kept asking whether the [VE's] testimony was consistent with the DOT," as required under SSR 00-4p. *Id.* at 25-26 (citing Tr. 1608, 1613). Further, "the ALJ never asked the [VE] about how he accounted for the differences in information between the DOT and the jobs listed in Job Browser Pro." *Id.* at 26. Hugh M. argues that, because the VE's testimony did not comply with SSR 24-3p, the Court should remand the case for further administrative proceedings for the Commissioner to evaluate further whether he is able to perform a significant number of jobs in the national economy. *Id.* The Commissioner does not address Hugh M.'s argument or whether the ALJ's error, if any, was harmless, but only generally moves for a sentence four remand. ECF Nos. 15 & 17.

The Court agrees that remand for further investigation and explanation at step five pursuant to SSR 24-3p is warranted. The Fourth Circuit notes that, "[i]n most cases, the absence of an adequate explanation for an ALJ's determination will 'frustrate meaningful review,' making it 'impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings.'" *Carr*, 2022 WL 301540, at *4 (citations omitted). Although Hugh M. points out that his case has been pending for almost ten years, this is not a ground "for directing an award of benefits in the absence of a finding that a claimant is indeed disabled." *Id.* at *5 (citing, *inter alia*, *Radford*, 734 F.3d at 296). Accordingly, remand is appropriate "for further administrative proceedings and further evaluation of whether [Hugh M.] was able to perform a significant number of jobs in the national economy." ECF No. 10 at 26. The Court declines to address Hugh M.'s other assignments of error.

For the reasons set forth herein, the Commissioner's motion to remand for further proceedings (ECF No. 15) will be **GRANTED**, and Hugh M.'s cross-motion to remand for payment of benefits (ECF No. 16) will be **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

4

Sincerely yours,

_____/s/_____

Timothy J. Sullivan
Chief United States Magistrate Judge